UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| WINDOW NATION, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:24-cv-469-JLB-KCD |
| | ) |
| RAYMOND PRICE[1] and COLLIN BECK | ) |
| | ) |
| Defendants. | ) |

**<u>PRELIMARY INJUNCTION</u>**

Pursuant to Federal Rule of Civil Procedure 65 and Middle District of Florida Local Rules 6.01 and 6.02, Plaintiff Window Nation, LLC ("Window Nation") and Defendants Raymond Price ("Price") and Collin Beck ("Beck") (together with Window Nation, the "Parties"), respectfully request that the Court enter a preliminary injunction and order against Price and Beck to which the Parties have stipulated. (Doc. 24). In support of this Motion, the Parties stiputate, and the Court fully adopts, the following:

1.      On May 20, 2024, Window Nation filed a Verified Complaint and Demand for Jury Trial against Price and Beck and sought an injunction against them by Motion to this Court based on Window Nation's allegations that Price and Beck had violated and continued to violate restrictive covenants in their respective employment agreements with Window Nation.

---

[1] Defendant's name is Ray J. Price Jr. Mr. Price was served on June 7, 2024 and retained counsel to confer with Plaintiffs' counsel. The parties stipulate that there is no confusion as to the identity of the defendant in this case.

1

2.     On June 17, 2024, counsel for the Parties convened to discuss Plaintiff's request to this Court for an injunction. To promote judicial economy, the Parties agreed to present to the Court a mutually agreeable injunction and order.

3.     The Court adopts the Parties' stipulation, agreeing for entry of a stipulated preliminary injunction restraining and enjoining Price and Beck and any other persons who are in active concert or participation with them from:

   a. soliciting current employees of Window Nation or any individual who has worked at Window Nation in the previous six (6) months for the duration of the non-solicitation period set forth in the respective employment agreements of Price and Beck;
   b. using or disclosing any Window Nation confidential, proprietary, or trade secret information; and/or
   c. deleting, modifying, concealing, or otherwise alienating any documents or information potentially relevant to this matter. Further, Price and Beck must preserve all potentially relevant documents and information in their possession, custody, and control.

4.     The stipulated injunction will remain in effect until further order of this Court.

5.     Entry of a stipulated preliminary injunction in this matter is not contrary to the public interest as the non-solicitation provisions contained in Price and Beck's respective employment agreements are reasonable under the circumstances.

6.     The Parties further stipulate, and the Court agrees, that the Court is not requiring Window Nation to post any bond or other form of security.

7.     The Court acknowledges the Parties' stipulation that Price and Beck intend to deny many of the allegations set forth in the Verified Complaint, and the Parties agree that representations made for the purpose of this Court entering this Order do not constitute an admission of wrongdoing by either Party, an admission by either Party that any other Party is entitled to particular relief, or a waiver or relinquishment of any claims, counterclaims, or defenses.

## **CONCLUSION**

Accordingly, after careful consideration of the appropriate legal standard and the Parties' stipulation, the Court GRANTS the Parties' Joint Motion for Entry of a Preliminary Injunction [Doc. 24], and the Preliminary Injunction shall hereby issue on this 3rd day of July 2024. The Court reserves jurisdiction to modify this injunction.[1]

**ORDERED** in Tampa, Florida on July 3, 2024.

_John L. Badalamenti_
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

---

[1] After careful consideration, the Court is satisfied that the facts set forth in the joint stipulation warrant the issuance of a preliminary injunction based on the showing of: (1) a substantial likelihood of success on the merits; (2) that irreparable harm will be suffered absent relief; (3) that the threatened injury to the movant outweighs any harm that might result to the nonmovants; and (4) that entry of the relief would serve the public interest. *See Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990); *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).